**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Bank of New York Mellon, | ) | No. CV-11-0982-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Rae Ribadeneira, et al., | ) | |
| Defendants. | ) | |

This is a forcible entry and detainer action related to property located at 10632 E. Blue Sky Road, Scottsdale, Arizona. The matter was originally filed in state court and was removed on May 17, 2011. After removal, defendant Leo Stoller filed an answer to the complaint and asserted various counterclaims related to wrongful foreclosure. Plaintiff Bank of New York Mellon (the "Bank") contends that Leo Stoller, a vexatious litigator, filed the notice of removal in order to subvert the forcible entry and detainer proceeding to which Stoller is not even a party. On February 28, 2011, before removal, the state court rejected Stoller's attempt to intervene in the forcible entry and detainer action, holding that Stoller did not have standing to either intervene or file counterclaims. Despite that holding, Stoller proceeded to remove the action to federal court.

We now have before us the Bank's motion to remand (doc. 7), Stoller's response (doc.

21) and the Bank's reply (doc. 26); Stoller's two motions to consolidate this case with <u>Stoller v. Bank of New York Mellon, et al.</u>, No. CV-11-338-PHX-GMS (D. Ariz. Feb. 18, 2011) (docs. 6 and 16)[1], and Stoller's motion to consolidate this case with <u>Stoller v. Bank of New York Mellon, et al.</u>, No. CV-11-1105-PHX-GMS (D. Ariz. June 2, 2011) (doc. 20); Stoller's motion to stay (doc. 14); and the Bank's motion to dismiss Stoller's counterclaims (doc. 19), and Stoller's response (doc. 25).

This forcible detainer action belongs in state court. It is clear that the Bank's complaint for forcible entry and detainer arises under Arizona law and does not present a federal question. Stoller's generic reference to a federal question in the notice of removal is insufficient to support removal. Moreover, there is no federal cause of action asserted as a counterclaim. But even if such a claim had been presented, a federal counterclaim cannot serve as the basis for a district court's federal question removal. <u>Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 831-32, 122 S. Ct. 1889, 1894 (2002).

If a complaint does not present a federal question, "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Because defendant Ribadeneira is purported to be a citizen of Arizona, this action is not removable under 28 U.S.C. § 1441.

Based on the foregoing, **IT IS ORDERED GRANTING** the Bank's motion to remand (doc. 7).

In light of our order remanding the case, **IT IS ORDERED DENYING** Stoller's motions to consolidate (docs. 6, 16, and 20), **DENYING** Stoller's motion to stay (doc. 14), and **DENYING** the Bank's motion to dismiss counts/claims (doc. 19) as moot.

///

///

---

[1] Stoller did not file the motions to consolidate in the <u>Stoller</u>, CV-11-338 action, as required by LRCiv 42.1(a). Therefore, we will decide these motions to consolidate notwithstanding that we are not assigned the lowest case number.

It is further **ORDERED REMANDING** this case to the Superior Court of Arizona in Maricopa County.

DATED this 8th day of July, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge